The judgment appealed from is accordingly affirmed.

NICHOLLS, J., takes no part, not having been present at the argument.

———

(41 South. 585.)

No. 16,148.

LOUISIANA & A. RY. CO. v. MOSELEY.

(June 18, 1906. On Rehearing, June 26, 1906.)

1. EXPROPRIATION—PROCEDURE—TRIAL OF EXCEPTIONS.

Expropriation proceedings are to be tried summarily, and a defendant who waits until the jurors have been assembled, and the case has been called for trial to present an exception involving questions of fact as well as law, has no right to insist upon a separate trial of the same before the judge.

2. APPEAL—HARMLESS ERROR.

Where, in an expropriation case, an exception is referred to the merits, and the question involved is afterwards presented to and ruled on by the judge in connection with applications for special charges and for a new trial, and the rulings so made, being brought up on the appeal, are affirmed, the exceptor has no just cause of complaint.

3. EXPROPRIATION—LOSS OF RIGHT.

The fact that a number of citizens guaranty a railroad company that property needed for its terminal facilities shall not cost beyond a certain amount does not devest the company of its right to proceed for the expropriation of such property.

4. SAME—TENEMENT HOUSES.

The requirement, contained in Civ. Code, art. 2637, concerning the expropriation of the "dwelling house, yard, garden and other appurtenances," is not intended to be applied to a tenement bought, and held merely as an investment, and which the owner himself has never occupied as a dwelling.

[Ed. Note.—For cases in point, see vol. 18, Cent. Dig. Eminent Domain, §§ 122, 123.]

5. APPEAL—REVIEW—VERDICT.

Where two juries in an expropriation proceeding have assessed damages at about the same amount, and their verdicts are sustained by a preponderance of the evidence, there is no reason why this court should disturb the last verdict.

(Syllabus by the Court.)

Appeal from Thirteenth Judicial District Court, Parish of Rapides; Wilbur Fisk Blackman, Judge.

Action by the Louisiana & Arkansas Railway Company against Madison C. Moseley. Judgment for plaintiff, and defendant appeals. Affirmed.

Madison C. Moseley, in pro. per. (Robert Persifer Hunter and William Wirt Howe, of counsel), for appellant. White, Thornton & Hollman (Henry Moore, Jr., of counsel), for appellee.

Statement of Case.

MONROE, J. This is an expropriation proceeding, upon the original trial of which, the jury awarded defendant $4,225, which award was set aside by this court, at the instance of defendant, on the ground that two of the members of the jury were disqualified, and should have been excused (La. & Ark. Ry. Co. v. Moseley, 40 South. 37).[1] The present appeal is prosecuted by defendant, from a verdict and judgment awarding him $4,000. When the case was called for trial the second time, defendant excepted on the grounds: (1) That plaintiff is without interest to prosecute or maintain this suit. (2) That the power of eminent domain cannot be exercised by pri-

[1] 115 La. 757.

vate individuals. (3) That such power cannot be re-delegated; which exceptions were referred to the merits, and, the trial proceeding, all testimony offered on the former occasion was re-offered, together with some additional testimony, and the record shows that the jury (of property holders) inspected the property sought to be expropriated. Of the witnesses who testified in the case, Knobel, Chamberlain, and Fenstermaker are railroad engineers (Knobel, of the plaintiff company, Chamberlain, of the Texas & Pacific Railway Company, and Fenstermaker, of the Louisiana Railway & Navigation Company); Sylvester is a civil engineer and resident of Alexandria (where the property in question is situated), with some experience in railroad building; Bringhurst is a retired civil engineer, who resides in Alexandria, and is acquainted with the value of the property in that city; Whittington and Iles are real estate dealers, residing, and acquainted with real estate values, in Alexandria; Hakenjos is a member of the bar, residing at Alexandria and owning property near that sought to be expropriated; Porter is the assistant to the president of the plaintiff company; Kilpatrick is the assessor of the parish; White is one of plaintiff's counsel (and testified to a collateral matter); and Moseley is the defendant.

Knobel, Chamberlain, Fenstermaker, and Sylvester testify that the property in question is necessary to the plaintiff for the establishment of terminals and convenient for that purpose to the public. Whittington, Iles, Hakenjos, and Bringhurst testify that $4,000 is a full price for it. Kilpatrick gives the assessment, which is considerably less than $4,000. Porter gives some testimony (as to a collateral matter), which is unimportant, and the defendant stands alone in the opinion that the expropriation is unnecessary and that the property is worth an amount in excess of that awarded. For the purposes of the exception, there was offered a written instrument evidencing an agreement between the plaintiff company and some 24 citizens of Alexandria, reading as follows:

"We, the undersigned citizens of Alexandria, Rapides Parish, La., hereby guaranty to the Louisiana & Arkansas Railway Company that they (the said company) can purchase the terminals described in the accompanying document marked 'A,' being the description of the same furnished by G. Knobel, chief engineer of the said road, at a price of not more than $16,000; it being provided that if in any expropriation suit that may be necessary, it should be held by the Supreme Court that, for any reason, any property sought to be expropriated cannot legally be expropriated, then, and in that event, this guaranty shall not apply to such property sought to be expropriated."

And to this there is attached a description of the property referred to. It was admitted that the plaintiff company had furnished the $16,000 mentioned; that the citizens had furnished $10,000, in addition, and that the steps necessary for the obtention of the property needed are being taken under the immediate direction of the citizens, through their chairman who makes disbursements from the entire fund.

### Opinion.

Upon the first trial of the case defendant admitted the incorporation of the plaintiff company, the appointment of an agent, and the declaration of a domicile, and, as the suit is brought by the corporation in its own name and behalf, the exceptions, offered in the second trial, that plaintiff "is without interest," etc., required testimony to explain and substantiate them. The law, however, contemplates that expropriation suits shall be tried summarily, and a defendant who waits until the jurors have been assembled on the day fixed for the trial on the merits, and until the case has been called, has no right to expect a delay for the purpose of a separate trial of an exception then offered,

and, more particularly is this true, where, as in this case, the defendant has answered to the merits, and there has already been one trial and judgment on the merits. Defendant has, however, sustained no injury from the reference of his exceptions to the merits, since he was there afforded the opportunity to offer the evidence upon which he relies to support them, obtained a ruling on the question presented by them by requesting a special charge from the judge; again presented the question and obtained a ruling on it by means of a motion for a new trial; and has brought it before this court by means of a bill of exception. His proposition is that plaintiff was devested of all interest in the matter of expropriation by reason of the agreement between it and certain citizens that the latter should bear the expense, in excess of $16,000. We are, however, at a loss to see how the plaintiff ceased to be interested in acquiring the property as the result of an agreement the only purpose of which was to facilitate it in so doing, or, as the result of its having furnished $16,000 to be used, in part, for that purpose. The property was to be acquired, for the direct benefit of plaintiff, by the combined efforts and contributions of the contracting parties, and the railroad company was as much obliged to contribute its efforts, and to appear as plaintiff when it became necessary to expropriate, as were the citizens to contribute the balance necessary to defray the expenses and pay the price.

The bill of exceptions to the charge of the judge "that the plaintiff, railway company, has an interest in obtaining the right of way and depot grounds, and that it makes no difference who is to pay for the property," is therefore without merit.

Defendant also reserved a bill to a portion of the charge in which the judge instructed the jury that they "were authorized to fix the value of the property, taking into consideration the assessment, the value of other property surrounding it, and the purchase price by the defendant, and to find a fair valuation, now, from all those circumtances." We are not prepared to say that there was any error in the charge so given, though, certainly, neither the purchase price nor the assessment, considered by themselves, would have been fair criterions of value. But, what the judge may have charged is a matter of no consequence at this time, since the testimony upon the question of value is all in the transcript, and we look to that in reaching our conclusion.

It is said that the judgment should be set aside because the property to be expropriated has upon it a dwelling house, yards, gardens, and other appurtenance, and the jury did not in terms, find, by their verdict, that the line of the railroad could not be diverted from that proposed by the company without great public loss and inconvenience. It is true that the verdict is not expressed in those terms, but we apprehend that the requirement on that subject, as contained in Civ. Code, art. 2637, is intended to be applied in cases where citizens are disturbed in their homes, and not in cases where the property consists of tenements which are rented from month to month to any one who may choose to take them; which the owner has never occupied; and which he has acquired and holds merely as an investment. Defendant makes the point that by its amended charter plaintiff "claims" only the right to "build a railroad, or branch railroad, from the neighborhood of Winnfield to a point on the south bank of Red river," and that inasmuch as it now crosses Red river to the south bank on a bridge owned by another company, at a point two or three miles from where his property is situated and operated over the tracks of other companies, along the bank, until it reaches his property,

**117 LOUISIANA REPORTS.**

it is going beyond the grant contained in its charter. Defendant's property is situated but a few hundred feet from the south bank of Red river, at a point which is conclusively shown to be as suitable as, if not more suitable than any that can be found as a terminal point for plaintiff's road, not only with reference to the present situation, but with reference to the near future. In other words, it is conveniently located for the purposes of the business to be done, and the company proposes to build a bridge across the river opposite the point in question, and is operating over the bridge and tracks of other roads as a temporary expedient until it can make permanent arrangements of its own, and the acquisition of property on the south bank of the river, for terminal purposes, is one of the necessary steps to be taken in the making of those arrangments.

Upon the question of the value of the property, defendant, most earnestly and no doubt sincerely, insists that the jury has grievously erred, and that he should be allowed a much larger sum than has been awarded him. We have, however, considered the testimony carefully, and find in it nothing that would justify us in disturbing the verdict and judgment appealed from, and the same are accordingly affirmed at the cost of the appellant.

#### On Rehearing.

In view of the fact that the costs of the district court are thrown on the defendant as a result of the prior tender, we have concluded that he should be awarded the amount tendered. It is therefore ordered and adjudged that the decree heretofore handed down be amended by increasing the amount awarded the defendant to $4,200, and by condemning the plaintiff to pay the costs of the appeal.

Rehearing refused.